**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **QHC FACILITIES, et al.,**[1] | ) | Case No. 21-01643-als11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**UNITED STATES' OBJECTION TO DEBTORS' MOTION TO USE CASH COLLATERAL AND PROVIDING POST-PETITION LIENS**

The United States of America (the "United States") on behalf of the Department of Health and Human Services ("HHS"), acting through its designated component, Centers for Medicare and Medicaid Services ("CMS"), hereby files this Objection to Debtor, QHC Facilities, LLC, and Affiliate Debtors (collectively "Debtors"), motion authorizing Debtors to use cash collateral and provide adequate protection to Lincoln Savings Bank ("Lincoln") (the "Cash Collateral Motion"). (ECF No. 12). In support of its Objection, the United States states as follows:

1. On December 29, 2021, Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code.

2. This Court approved interim use of cash collateral on January 4, 2022 and deferred final approval of cash collateral to a hearing on January 27, 2022. (ECF Nos. 25, 29).

3. On January 19, 2022, this Court ordered that the Debtors' cases be jointly administered. (ECF No. 66).

---

[1] The Jointly Administered Debtors in this proceeding are *In re QHC Management, LLC* (Case No. 21-01644-als11), *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11), *In re QHC Crestridge, LLC* (Case No. 21-01649-als11), *In re QHC Crestview Acres Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

4. On January 19, 2022, the Court extended the United States' deadline to object to the Cash Collateral Motion to January 24, 2022. (ECF No. 60).

5. The Cash Collateral Motion identifies Lincoln as Debtors' senior secured creditor in the aggregate amount of $9,292,663.90. (ECF No. 12 at ¶ 4). Debtors stipulate that Lincoln holds validly perfected and enforceable liens on and security interests in "Debtors cash, negotiable instruments, documents of title, securities, deposit accounts or cash equivalents, proceeds, products, offspring, rents, or profits of property."[2] (Id. at ¶ 8).

6. At paragraph 8(a), Debtors propose to grant Lincoln a "validly perfected first priority lien on and security interest in the Debtors' post-petition Cash Collateral which primes all existing valid, perfected and superior liens in the Prepetition Collateral…" (Id.). Only U.S. Trustee fees and professional fees and expenses are carved out from the priming lien. (Id. at ¶ 10). Except as set forth in the Cash Collateral Motion, "the rights, liens and interests granted to [Lincoln] pursuant to the Adequate Protection Lien shall be based on [Lincoln's] relative rights, liens and interests in the Debtors' Prepetition Collateral." (Id. at ¶ 8).

7. Debtors' Cash Collateral Motion fails to mention the setoff and/or recoupment rights and defenses of the United States.

## ARGUMENT

8. The United States' setoff and recoupment rights and defenses should be preserved in any order authorizing the Debtors to use cash collateral and provide post-petition liens. Although the United States understands that the Debtors and Lincoln do not intend to prime the United States' setoff and recoupment rights through the Cash Collateral motion, for the avoidance of doubt, any

---

[2] Debtors reference several security agreements that evidence the precise scope of Lincoln's security interest in the Debtors' property, but those agreements were not disclosed as part of the Cash Collateral Motion.

order authorizing the use of Cash Collateral should expressly preserve the United States' setoff and recoupment rights and defenses.

9. Section 553 of the Bankruptcy Code preserves the United States' right of set-off as it exists under non-bankruptcy law. 11 U.S.C. § 553(a). *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995). The United States "has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947) (citation omitted). Thus, the United States can setoff mutual debts and claims. *See United States v. Gerth*, 991 F.2d 1428, 1436 (8th Cir. 1993). Additionally, the Debtors may hold pre-petition claims against the Government (e.g., tax refunds) that would be subject to setoff because the United States, as a unitary creditor, has the right to set off any of its agencies' claims against debts owed by different agencies. *See In re Butz*, 154 B.R. 541, 544 (S.D. Iowa 1989) ("A federal agency owed money by a debtor may, pursuant to [§ 553] (and subject to the statutory exceptions or pertinent equitable considerations), obtain by offset the payments another federal agency owes to the debtor").

10. Any claims of the United States are secured claims to the extent of its setoff rights. 11 U.S.C. § 506(a); *United States v. Krause (In re Krause)*, 261 B.R. 218, 222 (B.A.P. 8th Cir. 2001); *see Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir. 1984) ("Setoff … elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, pre-petition claim against the creditor."); *See* 3 Collier on Bankruptcy P 362.03 (16th ed. 2018) ("A creditor's setoff right is viewed as a secured claim under section 506(a)," and "[f]unds subject to setoff are cash collateral under section 363(a) and may be used … only as provided in section 363(c)(2)."). Thus, the United States' setoff and recoupment rights cannot be impaired without adequate protection. *See*

*In re Olson*, 175 B.R. 30, 32-33 (Bankr. D. Neb. 1994).

11. Similarly, the United States has a right to recoupment in accordance with applicable law that is unaffected by the bankruptcy. *See Terry v. Standard Ins. Co. (In re Terry)*, 687 F.3d 961, 963 (8th Cir. 2012) (analyzing recoupment in the context of Social Security Disability benefits); *Am. Cent. Airlines, Inc. v. DOT (In re Am. Cent. Airlines, Inc.)*, 60 B.R. 587, 590-92 (Bankr. N.D. Iowa 1986) (analyzing recoupment in the context of a Department of Transportation subsidy).

12. As a preliminary matter, CMS has determined that it has claims against the Debtors for pre-petition Medicare overpayments in the minimum amount of $85,000 plus an additional, approximately $1,176,000 in civil monetary penalties for quality of care and other issues. HHS, on behalf of the Health Resources and Services Administration ("HRSA"), believes that it has other contingent and unliquidated claims for provider relief funds[3] ("PRF"). Given that these numbers are estimates and this bankruptcy's recency, the United States is unable to know exactly the claims it will assert and cannot be forced to give up any setoff and/or recoupment rights before it has determined its claims and defenses.

13. Counsel for the Debtors and Lincoln have agreed to include language preserving the United States' setoff and recoupment rights, claims, and defenses in accordance with applicable law, subject to mutually acceptable language. Counsel for the Debtors, Lincoln, and the United

---

[3] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, Div. B, Title VIII, 134 Stat. 281, 560-64 (Mar. 27, 2020); *see,* Paycheck Protection Program and Health Care Enhancement Act ("Paycheck Protection Act"), Pub. L. 116-139, Div. B., Title I, 134 Stat. 620, 622-28 (Apr. 24, 2020); *see also*, Coronavirus Response and Relief Supplemental Appropriations Act, 2021 ("CRRSA Act"), Pub. L. 116-260, Div. M, Title III, 134 Stat. 1182, 1920-21 (Dec, 27, 2020); American Rescue Plan Act of 2021, Pub. L. 117-2, 135 Stat. 4, Title X, Subtitle N, § 9911 (Mar. 11, 2021), codified as 42 U.S.C. § 1320b-26(e)(1).

States have agreed on the following[4]:

> For the avoidance of doubt, nothing in this Order shall affect, modify or impair any governmental unit's recoupment or setoff rights, claims, or defenses, and/or the priority of such recoupment and setoff rights, claims and defenses. Nothing contained in this Order should be construed to relieve the Debtors of any legal duties or obligations to any governmental unit under applicable non-bankruptcy laws and regulations. Nothing contained in this Order should be construed to affect the exclusive jurisdiction of the U.S. Department of Health & Human Services ("HHS") to adjudicate and pay Medicare claims in the ordinary course, provided however that the Debtors reserve the right to contest HHS's exclusive jurisdiction at a later date. Nothing in this order waives the United States' right to assert an entitlement to adequate protection under § 363(e) of the Bankruptcy Code, to the extent such an entitlement exists.

14. For the foregoing reasons, the Court should deny the Cash Collateral Motion unless a provision preserving the United States' rights, claims, and defenses of setoff and recoupment is included in any order granting the Cash Collateral Motion.

Dated: January 24, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

RICHARD D. WESTPHAL
United States Attorney
Southern District of Iowa

CRAIG P. GAUMER
Assistant United States Attorney

/s/ Marissa Embola
RUTH A. HARVEY
RODNEY A. MORRIS
SETH B. SHAPIRO
(D.C. Bar No. 433988)
MARISSA D. EMBOLA
(MI Bar No. P82568)

---

[4] The United States files this objection to protect its rights in case an order incorporating the parties' agreed upon language is not entered before the United States' objection deadline expires.

        United States Department of Justice
        P.O. BOX 875
        Ben Franklin Station
        Washington, D.C. 20044-0875
        (202) 616-2316
        marissa.embola@usdoj.gov

        Attorneys for the United States on behalf of
        the U.S. Department of Health and Human
        Services

Case 21-01643-als11    Doc 77    Filed 01/24/22    Entered 01/24/22 16:46:37    Desc Main
           Document      Page 7 of 7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served electronically on parties who receive electronic notice through CM/ECF's notice of electronic filing dated January 24, 2022.

Parties receiving hand or mailed service:

    N/A

Dated January 24, 2022
By:/s/ Marissa Embola
**Marissa Embola**
Trial Attorney

Attorney for the United States on behalf of the U.S. Department of Health and Human Services