IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In re:

QHC Facilities, et al.,[1]
    Debtors.
_____/

Chapter 11
Case No.  21-01643-als11
Jointly Administered

**March 24, 2022 Telephonic Hearing on:
Debtor's Request for Expedited Hearing Re: Backup Bidder**

Appearances were noted on the record.

**ORDER**
(Date entered on docket:  March 24, 2022)

Based on a review of the docket, filed documents and the representations of the consultation parties and the government agencies, the Court **FINDS:**

1. The Court conducted a sale hearing on March 11, 2022, to approve the bid accepted by Cedar Healthgroup, LLC (Cedar) as the purchaser of the Debtors' facilities for the price of $12,100,000.00 under the terms and conditions of the Asset Purchase Agreement.  On March 17, 2022, the Court entered an order approving the sale to Cedar with Blue Diamond Equities, LLC as the backup bidder.  (Docket Number 217).  That order attached Cedar's Asset Purchase Agreement (APA) and the Management Agreement.

2. The APA attached as Exhibit A to the Sale Order provides at 2.10:  "Inspection / Due Diligence Period. Buyer agrees that it has conducted sufficient due diligence to close the sale and purchase the Acquired Assets as is, where is, other than as otherwise agreed by Seller and Buyer."

3. A Declaration in Support of Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances, executed by Mark Tress, Cedar's President was filed as a support document at Docket Number 214, states in part:

---

[1] The Jointly Administered Debtors in this proceeding are *In re QHC Management, LLC* (Case No. 21-01644-als11), *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11),  *In re QHC Crestridge, LLC* (Case No. 21-01649-als11), *In re QHC Crestview Acres Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

2. I am familiar with the transactions that are the subject of the Sale Motion[2].

3. The specific terms of the sale of the Acquired Assets to Cedar are fully and completely set forth in the APA.

---

[2] Terms used but not defined herein shall have the meaning ascribed by the Sale Motion or Bidding Procedures Order.

4. The Sale Order specifically addressed the Management Agreement as follows:

> The Purchase Agreement provides for each Debtor Facility to enter into a Management Agreement within five (5) days of entry of this Sale Order to transfer management and operations of the Facilities, subject to applicable law. The Debtors are hereby authorized to enter into such Management Agreements, in the form attached hereto as Exhibit B.

5. The APA specifically addressed the Management Agreement as follows:

> (a) Management Agreement. The Buyer and Sellers shall enter into an ancillary agreement within five (5) Business Days of entry of the Sale Order to transfer management and operation of the Facilities, subject to Applicable Law (the "Management Agreement"). Pursuant to the Management Agreement, all economic risk and reward in relation to the operation of the Facilities transfers to the Buyer on the effective date of the Management Agreement. The effective date of the Management Agreement shall be no later than two (2) weeks following the Auction; provided, however, that the parties shall use good faith efforts to cause the Management Agreement to become effective as soon as feasible after the Auction.

6. According to the terms of Cedar's APA, the Management Agreement was to be effective no later than March 18, 2022, and the Management Agreement was to be executed no later than March 22, 2022.

7. Counsel for the Debtors and the Official Unsecured Creditors Committee represented to the Court that at the time of the hearing Cedar had not executed the Management Agreement and it was not yet in effect.

8. Citing the short notice and lack of time, counsel for Cedar stated it did not have an opportunity to respond to Debtors' concerns.

9. The Patient Care Ombudsman reported that she did not have immediate concerns related to delivery of necessary supplies for the facilities to continue operations. Considering the pending Motion, she has ceased follow up with the facilities to coordinate transfer to Cedar.

10. Based upon the record at the sale hearing the financial condition of the facilities continues to deteriorate based upon the projections. Counsel for Lincoln Savings Bank represented to the Court that the $2 million credit facility has been drawn down and no funds remain for the Debtors' use.

11. The current financial instability of the facilities, the failure to execute and implement the Management Agreement as ordered by the Court pursuant to the APA and the unknown status of the transaction endangers the health, safety and welfare of the residents.

12. Based upon the filed documents there has been a breach in the terms of the APA related to the Management Agreement.

**IT IS HEREBY ORDEREED that:**

1. Pursuant to 11 U.S.C. §105(a) the relief requested in the Motion is granted in part.

2. Blue Diamond Equities, LLC, the backup bidder approved under the Sale Order, is designated as the purchaser of the facilities. The Debtor and Blue Diamond are authorized to execute and implement the Management Agreement on or before Monday, March 28, 2022, at 5:00 p.m. prevailing Central Standard Time.

3. The determination of whether the contract has been terminated under the conditions of the APA is reserved for further hearing and will be scheduled by separate Order.[2]

4. Cedar's deposit shall be held in trust by Debtors' counsel pending further order of this Court.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this order from the Clerk of Court:
☐ Electronic Filers in this Chapter Case
☒ Everyone in this Chapter Case
☐ Others:

---

[2] Counsel that intend to appear on behalf of a party or participate in the next scheduled hearing should consult Local Rule 83 promulgated by the United States District Courts for the Northern and Southern Districts of Iowa. www.iasd.uscourts.gov