IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>QHC FACILITIES, LLC, et al.,<br><br>Debtor. | Chapter 11 Bankruptcy<br>Case No. 21-01643<br><br>**MOTION TO AMEND, FOR NEW TRIAL, TO RECONSIDER, AND FOR OTHER RELIEF**[1] |

COMES NOW Cedar Healthgroup, LLC ("Cedar Health"), by and through its counsel, and in support of this Motion respectfully states:

## I. BACKGROUND

1. On March 24, 2022, this Court entered an Order (Dkt #224), after a telephonic hearing. The telephonic hearing that led to this Court's Order was held at circa 3:00 p.m. on March 24, 2022. The Court's Order was entered pursuant to an "Emergency" Motion filed by the Debtors on March 23, 2022 at 4:46 p.m. At approximately 6:30 p.m. on March 23, 2022, a Notice then was issued, directing a telephonic hearing on the Debtors' "Emergency" Motion was to be held the next day. Notice of the "Emergency" Motion and of the March 24 telephonic hearing was e-mailed to Cedar Health's attorney in the evening of March 23, 2022.

2. At the March 24, 2022 3:00 p.m. hearing, no witness testified. Similarly, no affidavit or sworn declaration was submitted or offered. No legal memoranda or briefs were filed. Indeed, no answer or response had been filed, with respect to the "Emergency" Motion. Nor was there sufficient time allocated to do so. Cedar Health's personnel was not afforded the opportunity to testify, as to any of the issues considered by this Court during

---

[1] By filing this Motion, Cedar Health does not waive and does reserve and preserve any and all right, claim, argument, counterclaim, etc to which it is entitled. For example, to the extent (if at all) there is breach of the APA by the Debtors, Cedar Health specifically preserves and reserves any and all claim for breach.

the March 24 telephonic hearing. There was no opportunity afforded for Cedar Health to refute the allegations of the "Emergency" Motion, orally or in writing, or in any way to respond to such allegations or present any argument to the Court.

3. Cedar Health does ***not*** seek to amend or alter or revise this Court's March 24, 2022 Order to the extent the Order established Blue Diamond as the successful bidder, but expressly reserves all rights with respect to that ruling[2]. By this Motion, Cedar Health ***does*** seek to alter, amend, or revise this Court's March 24, 2022 Order, to the extent this Court's March 24, 2022 Order somehow may be construed to find that Cedar Health has breached or failed to timely cure any breach of the Asset Purchase Agreement ("APA").

## II. ARGUMENTS.

4. The Debtor's "Emergency" Motion sought the appointment of a "Back-Up Bidder," and also sought damages. This Court's March 24, 2022 Order did not dispose of all the issues and requests for relief sought by the Debtor. Indeed, a subsequent hearing has now been set to occur before this Court on April 8, 2022.

5. F.R.C.P. 54, applicable to Contested Matters via F.R.B.P. 9014, provides that any Order that did not dispose of all the relief requested by the movant/plaintiff may be revised at any time. The "exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be applicable to a motion under [Rule] 59(e), which is in turn less exacting than the standards enunciated in

---

[2] The appointment of a "Backup Bidder" was provided for in a set of Bidding Procedures (Dkt #164, filed 2/11/22), at p.6 of which it was stated "if the Successor Bidder fails to consummate its purchase … by the Outside Closing Date …, the Debtor may deem the Bankup Bidder to have the prevailing bid." At p. 9 ¶(t), "Outside Closing Date" was defined as 120 days after the March 17, 2022 Sale Order *i.e.* the "Outside Closing Date" would be circa July 13, 2022. No evidence or affidavit etc. was tendered or submitted during the March 24, 2022 Telephonic Hearing whether Cedar Health (which was the original Successor Bidder) might somehow "fail[] to consummate its purchase" by July 13, 2022, particularly considering and bearing in mind the APA allowed Cedar Health 10 business days to cure the previous non-tender of the Management Agreements. In other words, as of March 24, 2022 no one could have foreseen and no fact finding could have been made that Cedar Health would not have or could not have tendered and signed Management Agreements by the cure date of April 6.

[Rule] 60(b)." *De Dios v. Indem. Ins. Co. of N. Am.*, No. C 18-4015-MWB, 2018 WL 3420810, at *1 (N.D. Iowa July 13, 2018) (citations and modifications omitted). Still, the Court should "should look to the general principles under Rules 59(e) and 60(b) for guidance when reconsidering" a ruling pursuant to Federal Rule 54(b). *See id.* (citation omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Herbst v. Givaudan Flavors Corp.*, No. C17-4008-LTS, 2019 WL 6108098, at *2 (N.D. Iowa Aug. 19, 2019) (citing *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010)).

6. Turing then to F.R.C.P. 59, that Rule is applicable to Contested Matters via F.R.B.P. 9023, and authorizes this Court to grant a new trial or relief. Similarly, F.R.C.P. 60(b)(1) and (b)(6), applicable to Contested Matters via F.R.B.P. 9014, authorizes this Court to amend or alter a final order, for "surprise" or for "any other reason that justifies relief." Rule 60(b)(6) relief is available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (citation omitted)[3].

7. Cedar Health respectfully submits a notice issued less than 24 hours before a telephonic hearing the conduct of which was not preceded by any discovery and was not supported by any factual evidence did not afford and could not have afforded Cedar Health sufficient constitutionally-guaranteed due process.

8. Additionally, the lack of any evidence (by way of testimony or by way of affidavit or declaration), and the lack of opportunity afforded Cedar Health to present

---

[3] This Motion is being filed within two weeks of this Court's March 24, 2022 Order, and thusly this Motion also satisfies the timeliness requirement of Rule 60(b).

- 3 -

testimony and arguments, prohibit and prevent this Court from making factual findings, and as such any factual finding in the March 24, 2022 was therefore improper and constitutes sufficient basis to alter, amend, and revise the March 24, 2022 Order.

9. Further, Cedar Health submits this Court's March 24, 2022 Order contains manifest legal errors. Specifically, the Order ignored the "default notice and cure" provision in the underlying contract between the parties. Specifically, the relationship between the Debtors and Cedar Health is governed by the APA. While Cedar Health admits it did not timely sign the Management Agreement as required by ¶2.12(a) of the APA, ¶6.01(f) of the APA specifically provides:

> This Agreement *may be terminated* ... [b]y the Seller ... *in the event* of a material *breach* of this Agreement by the Buyer that *has not been cured within ten (10) Business Days after written notice* to the Buyer.

"Notice" of course is defined at ¶13.04 to require a "writing ... delivered by either hand delivery, overnight courier, or ... First Class U.S. Mail ... addressed" to Cedar Health at its New Jersey address. The Debtors via counsel issued an email in the afternoon of March 23, 2002 to Cedar Health's counsel, and asserted Cedar Health failed to timely tender signed Management Agreements. That email was the entirety of "notice." The email was insufficient, because it did not comply with ¶13.04 of the APA, *viz.* it was not sent via courier or "hard" mail and it was not addressed to Cedar Health's New Jersey locale. Even if the March 23, 2022 email somehow was sufficient, and even if (but not conceding) the Management Agreement was required to be signed by March 22, 2022, ¶6.01(f) unambiguously grants Cedar Health ten (10) Business Days from March 23, 2022 (*i.e.* through and including April 6, 2022) to cure. A hearing held on March 24, 2022 obviously occurred *before* the April 6 cure deadline. As such, any Order issued from the March 24 hearing to the effect that Cedar Health was subject to damage assessment ignores and

- 4 -

completely writes ¶6.01(f) out of the APA, and impermissibly forfeited and deprived Cedar Health of its contractually bargained-for cure right. This Court may not do so, as a matter of long-standing Iowa contract law[4]. *E.g., B-W Acceptance Corp. v. Saluri*, 258 Iowa 489, 496, 139 N.W.2d 399, 4036 (Iowa 1966) (court may not "alter a contract … or make a new contract … or by process of interpretation … relieve one of the parties from the terms to which he voluntarily consented") (citations omitted). And in any event Cedar Health on April 1, 2022 did sign and tender all the requisite Management Agreements to the Debtors, *i.e.* Cedar Health timely cured before the cure deadline of April 6. Additionally, Cedar Health did not breach any "Representations and Warranties" in Article III of the APA. As such, there was no material "untrue" "representation or warranty of the Buyer" within the meaning of §6.01(f) of the APA. And even if there were any material "untrue" within the meaning of §6.01(f), the APA may be terminated only if the alleged material "untrue" cannot be cured by the "Outside Closing Date" (defined in Bidding Procedures (Dkt #164) to be 120 days of the March 17 Sale Order, *i.e.* circa July 13, 2022). No evidence was presented during the Mach 24 hearing before this Court, as to whether any alleged material "untrue" was or was not "capable" of being cured by July 13, 2022. In sum, this Court should amend and alter and revise its March 24, 2022 Order to provide that no damage should or can be awarded against Cedar Health.

10.  Simultaneously herewith, Cedar Health has also filed a Motion to Continue the hearing now set to occur before this Court on April 8, 2022, and that Motion is by this reference incorporated herein as if set forth verbatim[5].

---

[4] The APA provides Iowa law governs. See APA ¶13.03
[5] For example, the Motion to Continue asserts the "Emergency" Motion must be filed as an Adversary Complaint.

WHEREFORE, Cedar Healthgroup, LLC respectfully prays this Court on such notice and hearing as it may direct, enter and enroll an Order granting the following relief:

A.   Revising, amending, reconsidering, and altering this Court's March 24, 2022 Order, to the extent this Court's March 24, 2022 Order can be construed in any form or fashion that Cedar Healthgroup, LLC has breached and then failed to timely cure any portion of the Asset Purchase Agreement;

B.   Granting Cedar Health's Motion to Continue filed simultaneously herewith; and;

C.   Awarding such further relief as may be just and proper under the premises.

/s/ E. Lam
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR CEDAR HEALTHGROUP, LLC

### Certificate of Service

The undersigned certifies, under penalty of perjury, that on this 6th day of April, 2022, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ E Lam

Cedar Health/Pldgs/BA 21-01643 – Drafts/Mtn to Amend.040622.0926.ewl