IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>QHC FACILITIES, LLC, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 21-01643<br><br>**OBJECTION TO AMENDED MOTION TO SELL** |

COMES NOW Cedar Healthgroup, LLC ("Cedar Health"), and hereby objects to the Debtors' Amended Motion to Sell (Dkt #454), as follows:

1. Cedar Health re-urges its Objection filed against the Debtors' original Motion to Sell (*i.e.* Cedar Health's Dkt #447 filing), and incorporates that Objection herein as if set forth verbatim.

2. In addition to failing the pre-requisites of Rule 60, the Debtors attempt by asset purchase amendment to compromise multi-million dollar claims against Blue Care without providing the notices required by Bankruptcy Rule 2002 or satisfying the standards set out by Bankruptcy Rule 9019. The four factors set-out in the Eighth Circuit are unrecognized and unmet here. *In re Racing Servs., Inc.*, 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005) (recognizing factors for probability of litigation success, collection difficulties, litigation complexity, and interests of creditors and their views). Compromising claims by ex-post amendment to a finally approved asset purchase agreement does not satisfy the letter or the spirit of what the Bankruptcy Code envisions.

3. The Amended Motion refers to a Note that will be issued to the Debtors or their assigns. The Amended Motion does not specify or disclose to whom the Debtors will assign the Note. In addition, the Amended Motion is devoid of any information concerning the collectability of the Note. While the Note apparently will be guaranteed, the Amended Motion is likewise devoid of any information concerning the guarantor's ability to perform the

guarantee. Without such information, the Amended Motion is deficient, and its efficacy cannot be understood or measured.

4.  In addition, to the extent there is any compromise between and among the Debtors, the Committee, Lincoln Savings Bank, and Webb Trust, the compromise is not disclosed, and to the extent the compromise affects or impacts or somehow is related to the Debtors' attempt to sell their assets, such disclosure must be made, so as to ensure transparency and accountability.

5.  Indeed, Cedar Health has twice asked the Debtors for information concerning the sale and the compromise. *See* September 24 and September 10 e-mails attached hereto. To this date, the Debtors have not tendered <u>any</u> response.

WHEREFORE, Cedar Healthgroup, LLC respectfully prays this Court enter and enroll an Order denying and overruling and dismissing the Debtors' original Motion and the Amended Motion, and for such other relief as may be just and proper under the premises.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
Abram V. Carls, AT0011818
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
acarls@spmblaw.com
ATTORNEYS FOR CEDAR HEALTHGROUP, LLC

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 21st day of October, 2022, the foregoing document was electronically filed with the Clerk of Court using the Southern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/ Kelly Carmichael

**From:** Eric Lam
**Sent:** Saturday, September 24, 2022 7:20 AM
**To:** Krystal Mikkilineni <krystal.mikkilineni@dentons.com>
**Cc:** Abram Carls <acarls@spmblaw.com>; Eric Lam <elam@simmonsperrine.com>
**Subject:** FW: 21-01643-als11 Chapter 11 Monthly Operating Report UST Form 11-MOR [IWOV-SPMB.FID872408]

Krystal, I am not an accountant, but it appears to me total APPROVED fees (to Debtors and Comte and Financial Advisors) = $1.18 mil, with $738,000 PAID, so the professionals are 'owed' approx $448,403. Thru what periods did these numbers cover, please?

Also, there is NO listing of POST petition accrual of liabilities e.g any moneys owed to Manager Blue, any money due any government programs, etc etc? What about fees due professionals?

Lastly, is there a reason the ASSET side of the ledger (PDF p2 of the Report) is all blank or $0? So, the Debtors own $0 of assets?

Kindly enlighten

thanks

**From:** Eric Lam
**Sent:** Saturday, September 10, 2022 8:38 PM
**To:** Krystal Mikkilineni <krystal.mikkilineni@dentons.com>; Jeffrey D. Goetz <Goetz.Jeffrey@bradshawlaw.com>; Tirzah R. Roussell <Roussell.Tirzah@bradshawlaw.com>
**Cc:** 'Lawall, Francis' <Francis.Lawall@Troutman.com>; Terry Gibson <TGibson@2501grand.com>; 'Jeff W. Courter' <JWC@nyemaster.com>; ashley_wieck_usdoj.gov <ashley.wieck@usdoj.gov>
**Subject:** QHC Bankr S D Iowa

Hi All, I just briefly looked at the amended motion to sell. A few initial Qs, plz:

1. When is objection bar date?
2. When is hearing date?
3. Is there going to be an auction?
    a. If not, why not? E.g might an auction bring higher/better price?
4. From the $4.5 mil, how much goes to Bank, Webb, and Estate, or others, respectively?
5. Who will be testifying at hearing to support the amended motion?

Perhaps my client and I might not need to resort to objection or discovery, if we can have answers to our Qs. I of course only shared the motion/APA with my client and Team very recently, so we perhaps might have more inquiries, but these are the first few ones

Kindly enlighten

Thank you



Eric Lam
Member

Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401-1266
Telephone: (319) 896-4018
Fax: (319) 366-1917
Email | Bio

www.spmblaw.com

1