**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **QHC Facilities, LLC et al.,¹** | ) | Case No. 21-01643-als11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hon. Anita L. Shodeen |
| | ) | |
| | ) | *Date entered on docket: December 21, 2022* |
| | ) | |

**ORDER AUTHORIZING THE SALE OF THE DEBTORS'**
**ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

THIS MATTER came before the Court on the *Debtors' Motion for Order Approving the Sale Free and Clear of Liens, Claims Interests and Encumbrances* (Docket No. 530) (the "Sale Motion") filed by QHC Facilities, LLC, and the above referenced affiliates ("QHC" or the "Debtors"), seeking authority, among other things, to sell four closed facilities owned by certain of the Debtors: QHC Humboldt South, LLC dba Humboldt Care Center South, Crestview Acres, Inc. (Marion), Crestview Acres, Inc. dba Sunnycrest Nursing Center, and QHC Mitchellville, LLC dba Mitchell Villa Care Center (the "Discontinued QHC Properties") together with all real estate and personal property contained therein on an "as is, where is basis"; Lincoln Savings Bank ("LSB") having submitted the highest and best offer for the Discontinued QHC Properties (the "Sale") in the form of a credit bid in the amount of $2,000,000 (the "LSB Bid"); the Court having reviewed the Sale Motion; and the Court having determined that the legal and factual bases set forth in the

---

[1] The Jointly Administered Debtors in this proceeding are *In re QHC Management, LLC* (Case No. 21-01644-als11), *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11), *In re Crestridge, Inc.* (Case No. 21-01649-als11), *In re Crestview Acres, Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

Sale Motion and the other papers filed by the Debtors establish just cause to grant the relief granted herein;[2]

**NOW, THEREFORE,** it is hereby found and determined that:

### Jurisdiction, Venue and Final Order

A.     This Court has jurisdiction and authority to hear and determine the request to approve the Sale and grant the other relief set forth herein pursuant to 28 U.S.C. § 1334.  Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). The statutory predicates for the relief sought herein are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, and all other applicable law.

B.     This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

### Acquired Assets

C.     The Sale Motion provides for, among other things, LSB to purchase the Discontinued QHC Properties, on an "as is, where is" basis, free and clear of all liens, claims and encumbrances, with the exception of any real estate taxes associated with such Discontinued QHC Properties.

D.     The Humboldt Care Center South property is located at the address commonly known as 800 13th Street S, Humboldt, Iowa. The Crestview Acres, Inc. property is located at the address commonly known as 1485 Grand Avenue, Marion, Iowa. The Sunnycrest Nursing Center property is located at the address commonly known as 401 Crisman Street, Dysart, Iowa. The

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion, as applicable.

Mitchell Villa Care Center property is located at the address commonly known as 114 Carter Street SW, Mitchellville, Iowa.

## Notice of Sale

E. As evidenced by the certificate of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion, and the relief granted herein has been provided in accordance with sections 102(1), 363(b) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9006, 9007, 9008 and 9014. Such notice was good and sufficient, and appropriate under the circumstances. No other or further notice of the Sale Motion, the relief granted herein, or the entry of this Sale Order is necessary or shall be required. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities. To the extent that the amount of notice given to any party entitled to notice is less than the number of days required under the applicable rules, the notice actually given to any such party is hereby deemed to be sufficient and adequate by the Court, and the notice to any and all such parties is hereby ordered to be shortened to the notice actually given.

## Highest and Best Offer; Business Judgment; Good Faith, Arms' Length Sale

F. The Debtors demonstrated a sufficient basis to sell the Discontinued QHC Properties on the terms outlined in the Sale Motion, and all such actions are appropriate exercises of the Debtors' business judgment, are proposed in good faith, and are in the best interests of the Debtors, their creditors and their estates.

G. The Sale is fair and reasonable and the transactions contemplated thereby are in the best interests of the bankruptcy estates and in the best interests of all other interested parties in these chapter 11 cases.

H.  The Sale is a valid and sound exercise of the Debtors' business judgment. The Debtors have determined that the sale of the Discontinued QHC Properties under the terms set forth in the Sale Motion represent the best opportunity for the Debtors' estates to realize the greatest value for the QHC Discontinued Properties; provide for the full and complete resolution and satisfaction of LSB's and Webb Trust's Claims against QHC Humboldt South, LLC, Crestview Acres, Inc., Crestview Acres, Inc., and QHC Mitchellville, LLC (collectively, the "Discontinued Properties Debtors"); and will further provide a mechanism to make available more funds to the estates and their creditors, thus eliminating any potential risk of administrative insolvency for the Debtors and their estates.

I.  Despite marketing by a broker retained by LSB in a commercially reasonable manner and a full, fair, and reasonable opportunity for any entity to make a higher or better offer to purchase all of the Discontinued QHC Properties, the Debtors received no other offers for the sale of all of the Discontinued QHC Properties. Accordingly, it is an appropriate exercise of the Debtors' business judgment and are in the best interests of the Debtors, their creditors and their estates to accept the LSB Bid and transfer the Discontinued QHC Properties to LSB.

## Corporate Authority

J.  The Debtors are not a "foreign corporation" as that term is defined in section 1445 of the Internal Revenue Code.

K.  The Discontinued QHC Properties are property of the Discontinued Properties Debtors' estates under section 541 of the Bankruptcy Code. The Sale of the Discontinued QHC Properties by the Discontinued Properties Debtors' has been duly and validly authorized by all necessary action and, upon entry of this Sale Order, the Debtors will have full power and

authority to execute the Sale and all other documents contemplated thereby. No consents or approvals are required for the Debtors to consummate the Sale.

### Satisfaction of Section 363(f)

L. The Debtors may sell the Discontinued QHC Properties free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, other than real estate taxes (collectively, the "Liens and Claims")[3], because, in each case, one or more of the standards set forth sections 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those non-Debtor parties with interests in the Debtors' assets who did not object, or who withdrew their objections, to the Sale Motion with respect to the relief granted herein are deemed to have consented to the Sale free and clear of Liens and Claims pursuant to section 363(f)(2) of the Bankruptcy Code. Accordingly, all persons or entities having Liens or Claims against or in any of the Discontinued QHC Properties shall be forever barred, estopped and permanently enjoined from pursuing or

---

[3] For the avoidance of doubt, the term "Liens and Claims" as used herein includes, without limitation, any mortgage, lien (as such term is defined in 11 U.S.C. § 101(37), including any mechanic's, materialman's, statutory, cash collateral or carve out lien or any other consensual or non-consensual lien), security interest or similar interests, charge, hypothecation, deed of trust, pledge, right of use, first offer or refusal, easement, servitude, restrictive covenant, lease, sublease, covenant, right of way, option, restriction (including any restriction on transfer or on the use, voting, receipt of income or other rights or exercise of any attributes of ownership), conditional sale or other title retention agreements, interest, encroachment, encumbrance of any kind, debt, liability, obligation or claim (as that term is defined in 11 U.S.C. § 101(5)), including all rights or causes of action or choses of action (whether in law or in equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff, recoupment, indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other person, consent rights, options, contract rights, covenants, claims for reimbursement, exoneration, products liability, environmental, or tax, decrees of any court or governmental entity, indentures, loan agreements, and interest of any kind of nature whatsoever, and including any claim against LSB and/or any of the assets or properties of LSB (including the Discontinued QHC Properties) based on a theory of successor liability, alter-ego or any similar theory of liability, and all costs and expenses relating thereto. Further, without limiting the foregoing, the term "Liens and Claims" as used herein includes any debts, liabilities, obligations or claims whether they are direct or indirect, known or unknown, matured or unmatured, absolute or contingent, accrued or unaccrued, liquidated or unliquidated, due or to become due, whether arising prior to or subsequent to the commencement of the Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity or otherwise.

asserting such Liens and Claims against the Discontinued QHC Properties, LSB, or any of their assets, property, successors or assigns.

M. LSB would not have entered into the agreement and would not consummate the transactions contemplated thereby if the Sale of the Discontinued QHC Properties was not free and clear of any and all Liens and Claims (with the exception of real estate taxes), or if LSB would, or in the future could, be liable for any of such Liens and Claims.

N. A sale of the Discontinued QHC Properties other than one free and clear of all Liens and Claims would yield substantially less value for the Debtors' estates, with less certainty, than the Sale as contemplated. Therefore, the Sale contemplated by the Sale Motion maximizes the Debtors' recovery on the Discontinued QHC Properties and thus, is in the best interests of the Debtors and their estates, creditors, and all other parties in interest.

## **No Successorship**

O. LSB is not a continuation of the Debtors. In particular:

  i. LSB is not holding itself out to the public as a continuation of the Debtors.

  ii. There is no substantial continuity between LSB and the Debtors, and there is no continuity of enterprise between LSB and the Debtors.

  iii. LSB: (i) is not, as a result of any action taken in connection with the purchase of the Discontinued QHC Properties or otherwise, successor to the Debtors; and (ii) has not, de facto or otherwise, merged or consolidated with or into the Debtors.

  iv. The Sale does not amount to a consolidation, merger or de facto merger of LSB and the Debtors.

  v. The Sale is not being entered into fraudulently.

      vi. LSB is a bona fide purchaser in good faith of the Discontinued QHC Properties.

### Compelling Circumstances for an Immediate Sale

P.    Good and sufficient reasons for approval of the Sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest. The Debtors have demonstrated both (a) good, sufficient, and sound business purposes and justifications for approving the Sale Motion, and (b) compelling circumstances for the Sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the Sale is necessary and appropriate to maximize the value of the Debtors' estates.

### Time is of the Essence

Q.    Time is of the essence in consummating the Sale. To maximize the value of the Discontinued QHC Properties and minimize the costs incurred by the Debtors' estates, it is essential that the sale occurs promptly. Accordingly, there is cause to lift the stay contemplated by Bankruptcy Rules 6004 and 6006.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

### General Provisions

1.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of

fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.  The Sale Motion is **GRANTED** with respect to the approval of the Sale, as further described herein.

3.  The docket reflects that no objections were filed to the Motion for Sale (ECF-530, ECF-531). Any objections raised from and after entry of this Order are forever **BARRED** and deemed overruled with prejudice as untimely filed.

4.  Notice of the Sale Motion was adequate, appropriate, fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 6006, and all other applicable orders of the Bankruptcy Court.

5.  The Debtors and LSB are hereby authorized and directed to take all actions reasonably necessary to promptly effectuate the terms of the Sale, the transactions contemplated thereunder and the provisions of this Sale Order, all without the necessity of any further order of the Bankruptcy Court.

## Transfer of the Acquired Assets

6.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors are authorized to sell and transfer the Discontinued QHC Properties in accordance with the terms of the Sale Motion, and such transfers shall: (a) be valid, legal, binding and effective transfers; (b) vest LSB with all right, title and interest of the Debtors in and to the Discontinued QHC Properties; and (c) be free and clear of all Liens and Claims (with the exception of real estate

taxes), whether arising prior to or subsequent to the commencement of the Debtors' chapter 11 cases, and whether imposed by agreement, law, equity or otherwise.

### Good Faith, Arms' Length Sale

7. The Sale has been negotiated and executed, and the transactions contemplated thereby are and have been undertaken, by Debtors, LSB, and other parties, and their respective representatives at arm's length, without collusion and in "good faith," as that term is defined in section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, and shall not permit the unwinding of the Sale. LSB is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

8. The consideration offered by LSB for the Discontinued QHC Properties is fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

### Release of Liens

9. If any person or entity that has filed financing statements, mortgages, liens, *lis pendens*, mechanics' or materialmen's liens, notices of levy or other documents evidencing Liens and Claims against the Discontinued QHC Properties shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens and Claims that the person or entity has with respect to such Discontinued QHC Properties, such Liens and Claims shall be deemed released by this Sale Order, and the Debtors, are hereby authorized and directed to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to such Discontinued QHC Properties. Without limiting the

foregoing, a certified copy of this Sale Order may be filed with the appropriate Clerk's office and/or recorded with the applicable Recorder's office as evidence to cancel the Liens and Claims of record.

10. All persons or entities that are presently, or on the closing date may be, in possession of some or all of the Discontinued QHC Properties are hereby directed to surrender possession upon closing.

## Modification of the Automatic Stay

11. The automatic stay under section 362 of the Bankruptcy Code is vacated and modified to the extent necessary to implement the terms and provisions of this Sale Order.

12. Nothing in this Sale Order, nullifies, precludes or enjoins the enforcement of any police or regulatory power or liability to a governmental unit that any entity would be subject to as the owner of property after the Closing.

## Additional Provisions

13. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in these chapter 11 cases, any subsequent chapter 7 or chapter 11 cases of the Debtors, or any related proceeding subsequent to entry of this Sale Order, shall conflict with or derogate from the terms of this Sale Order.

14. Each and every federal, state and local government agency or department and all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds and other similar persons are hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Sale Order.

15. Any and all insurance proceeds arising from insurable incidents which occurred at the Discontinued QHC Properties on or prior to time of filing of the Sale Motion will be retained by the Debtors' estates. For the avoidance of doubt, this includes but is not limited to the insurance proceeds associated with Crestview Acres, Inc. (Marion). Any and all insurance proceeds arising from insurance incidents which occurred at the Discontinued QHC Properties on or after the filing of the Sale Motion will be assigned to LSB.

16. LSB shall pay the reasonable administrative and sale costs associated with this Sale (including the reasonable fees and expenses of the Debtors' professionals and Committee's professionals[4] and, in the event not already paid by LSB, the Debtors and Committee shall be permitted to deduct such fees and expenses from the Net Sale Proceeds[5] to reimburse Debtors and Committee for out-of-pocket expenses including its professionals), as well as the costs to maintain the Discontinued QHC Properties in a commercially reasonable manner until sold.

17. The provisions of this Sale Order and any actions taken pursuant hereto shall survive any order of this Bankruptcy Court dismissing or converting these chapter 11 cases. The provisions of this Sale Order are non-severable and mutually dependent.

18. The provisions of Bankruptcy Rules 6004(h) and 6006(d) shall not apply to stay consummation of the Sale of the Discontinued QHC Properties as contemplated in the Sale Motion and approved by this Sale Order, and the Debtors are hereby authorized to consummate the transactions contemplated and approved herein immediately upon entry of this Sale Order.

---

[4] The Committee has agreed to limit the extent of its fee reimbursement claim against LSB arising from the sale of the Discontinued QHC Properties to $5,000.

[5] Net Sale Proceeds shall mean the proceeds received from the sale of the Discontinued QHC Properties after deduction of broker fees, the reasonable administrative fees of the Debtors and Committee for conducting the marketing and sale of the Discontinued QHC Properties, property taxes accrued or otherwise owing and any other reasonable and customary closing costs. The foregoing expenses shall be paid either from the Sale Proceeds or directly by LSB at closing in the event it becomes the buyer of the Discontinued QHC Properties.

19. The terms of this Sale Order shall be binding on and inure to the benefit of the Debtors, LSB, and the Debtors' creditors and all other parties in interest, and any successors of the Debtors, LSB, and the Debtors' creditors, including any trustee or examiner appointed in these chapter 11 cases or any subsequent or converted cases of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

20. This Court retains exclusive jurisdiction to (a) enforce and implement the terms and provisions of the Sale Motion, related agreements, all amendments thereto, any waivers thereunder and any other agreements executed in connection therewith; (b) resolve any disputes arising under or related to the Sale Motion and transactions contemplated thereby; and (c) interpret, implement and enforce the provisions of this Sale Order.

**IT IS SO ORDERED.**

                                          **/s/ Anita L. Shodeen**
                                          **U.S. Bankruptcy Judge**

APPROVED FOR ENTRY BY:

*/s/ Krystal R. Mikkilineni*
Krystal R. Mikkilineni, Esq., AT0011814
Dentons Davis Brown
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, IA 50309
(515) 246-7943
krystal.mikkilineni@dentons.com

General Reorganization Co-Counsel for
Debtors and Debtors in Possession

*/s/ Francis J. Lawall*

12

Francis J. Lawall, Esq. (admitted pro hac vice)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: (215) 981-44-81
Fax: (215) 689-4693
Francis.lawall@troutman.com

Counsel for the Committee of Unsecured Creditors


*/s/ Roy Leaf*
Jeffrey W. Courter, Esq., AT0001740
Roy R. Leaf, Esq., AT0014486
Nyemaster Goode, PC
700 Walnut, Suite 1600
Des Moines, IA  50309
(515) 283-8048
(515) 283-3108 FAX
jwc@nyemaster.com
rleaf@nyemaster.com

Counsel for Lincoln Savings Bank