# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Case No. 21-01643 |
| **QHC FACILITIES, LLC, et al[1]**, | Chapter 11 |
| Debtors and Debtors in Possession. | Hon. Anita L. Shodeen |
| | **LIQUIDATION TRUSTEE'S MOTION FOR ENTRY OF A FINAL DECREE (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES; (B) AUTHORIZING ADMINISTRATION IN THE REMAINING CASE OF CLAIMS ASSERTED AGAINST THE DEBTORS; (C) AMENDING THE CAPTION OF THE REMAINING CASE; AND (D) GRANTING RELATED RELIEF** |

Ronald Winters, solely in his capacity as Liquidation Trustee (the "Liquidation Trustee") of the QHC Liquidation Trust (the "Liquidation Trust") created pursuant to the confirmed *Joint Plan of Liquidation by the Debtors and Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* (Docket No. 586) (the "Plan")[2] of the above-captioned debtors (the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion"), pursuant to section 350(a) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 3022 of

---

[1] The Jointly Administered Debtors in this proceeding are: *In re QHC Management, LLC* (Case No. 21-01644-als11) *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11), *In re Crestridge, Inc.* (Case No. 21-01649-als11), *In re Crestview Acres, Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to close certain of the Debtors' chapter 11 cases and to grant such other and related relief as set forth herein.

This Motion is based upon the points and arguments included herein, the relevant papers and pleadings on file with the Court in this matter, and such evidence as may be introduced by the Liquidation Trustee at any hearing on this Motion. In support of the Motion, the Liquidation Trustee respectfully states as follows:

## PRELIMINARY STATEMENT[3]

1. On February 23, 2023, the Court confirmed the Plan. The Effective Date occurred on April 21, 2023. The Plan has been substantially consummated.

2. The Liquidation Trustee is required to and continues to file reports each calendar quarter on account of the Chapter 11 Cases and is charged statutory fees per entity each quarter based on such entity's level of cash disbursements. *See* 28 U.S.C. § 1930(a)(6) (requiring the payment of quarterly fees to the United States Trustee) (such fees, "Section 1930 Fees"). The Liquidation Trustee is therefore seeking authority to close ten of the Chapter 11 Cases so as to avoid the unnecessary incurrence of fees pursuant to Section 1930 for cases that have otherwise been fully administered.

3. The only remaining material matters anticipated to require resolution in connection with the Chapter 11 Cases are monetizing a very limited number of the Liquidation Trust's assets and administering the remaining unresolved Claims filed in the Chapter 11 Cases (such claims, including Administrative Expense Claims, the "Remaining Claims"). Pursuant to the Plan, all Remaining Claims against the Debtors are to be reconciled by the Liquidation Trustee and paid

---

[3] Capitalized terms used but not defined in this Preliminary Statement shall have the meaning ascribed to them elsewhere in the Motion or in the Plan, as applicable.

from the proceeds of assets of the Liquidation Trust on a consolidated basis. Therefore, in an effort to save time and resources, the Liquidation Trustee seeks authority to administer the Remaining Claims in the Debtors' main case, *In re QHC Facilities, LLC*, Case No. 21-01643-als11 (the "Remaining Case"), thus enabling the closure of the other Chapter 11 Cases—(i) *In re QHC Management, LLC* (Case No. 21-01644-als11); (ii) *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11); (iii) *In re QHC Winterset North, LLC* (Case No. 21-01646-als11); (iv) *In re QHC Madison Square, LLC* (Case No. 21-01647-als11); (v) *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11); (vi) *In re Crestridge, Inc.* (Case No. 21-01649-als11); (vii) *In re Crestview Acres, Inc.* (Case No. 21-01650-als11); (viii) *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11); (ix) *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11); and (x) *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11) (collectively (i) through (x), the "Closing Cases")—which remain open unnecessarily. The Liquidation Trustee believes that the Closing Cases are fully administered because all assets and liabilities of that Debtors have vested in the Liquidation Trust. Leaving the Closing Cases open any longer would impose unnecessary costs on the Liquidation Trust, to the detriment of its beneficiaries. Accordingly, the Liquidation Trustee respectfully requests entry of a final decree closing such Closing Cases.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The legal predicates for the relief requested herein are section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

## BACKGROUND

7.      On December 29, 2021 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, initiating these chapter 11 cases (collectively, the "Chapter 11 Cases").

8.      Under section 1102(a) of the Bankruptcy Code, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") on January 17, 2022, and January 24, 2022 (Docket Nos. 55 and 76).

9.      On January 19, 2023, the Plan was filed. On February 23, 2023, the Court entered an order (Docket No. 633) (the "Confirmation Order") confirming the Plan.

10.     On April 21, 2023, the *Notice of Effective Date of Joint Plan of Liquidation* (the "Notice of Effective Date") was filed (Docket No. 712), which listed the Effective Date as April 21, 2023.

11.     Pursuant to the Plan, the Liquidation Trustee is responsible for administering the Claims distribution process and prosecuting objections to Claims vested in the Liquidation Trust. The Liquidation Trustee is currently liquidating the Debtors' remaining Assets. completing the claims administration process and intends to make a distribution to unsecured creditors in the near term.

## RELIEF REQUESTED

12.     By this Motion, the Liquidation Trustee respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Final Decree"): (i) closing the Closing Cases, and leaving the Remaining Case open for the purpose of resolving all Remaining Claims and any other contested matters; (ii) authorizing the Liquidation Trustee to administer all Claims

in the Remaining Case, including those originally asserted in the Closing Cases; (iii) amending the caption of the Remaining Case; and (iv) granting related relief.

13. The Liquidation Trustee proposes that the new caption of the Remaining Case shall read as follows:

| | |
|---|---|
| In re: | Case No. 21-01643 |
| **QHC FACILITIES, LLC,**[FN] | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |

[FN] On [_____], 2023, the Court entered an order (Docket No. ___) closing the chapter 11 cases of the formerly administered debtors: *In re QHC Management, LLC* (Case No. 21-01644-als11) *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11), *In re Crestridge, Inc.* (Case No. 21-01649-als11), *In re Crestview Acres, Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

## BASIS FOR RELIEF

14. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the Liquidation Trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

15. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "<u>Advisory Committee Note</u>"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.    whether deposits required by the plan have been distributed;

5

  c.  whether the property proposed by the plan to be transferred has been transferred;

  d.  whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,

  e.  whether payments under the plan have commenced, and

  f.  whether all motions, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022 Advisory Committee Note.

16. All of these factors need not be present before a court will enter a final decree. *See Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree."). Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

17. The fact that certain distributions to be made pursuant to a plan remain to be distributed should not be an impediment to the issuance of a final decree. *See Jay Bee*, 207 B.R. at 538 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (entering a final decree although the debtors still needed to make certain distributions).

18. Further, courts may consider both the substantial consummation of a plan of reorganization and the prevention of further accrual of Section 1930 Fees as relevant factors in determining whether to issue a final decree. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same); *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930 Fees] accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

19. Here, the relevant factors weigh strongly in favor of closing the Closing Cases. The Closing Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter the Final Decree for the Closing Cases. In particular:

    a. the Confirmation Order has become final and is non-appealable;

    b. the Liquidation Trust Agreement has been executed and the Liquidation Trustee appointed;

    c. the Liquidation Trust Assets proposed by the Plan to be transferred to the Liquidation Trust have been transferred; and

    d. the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

20. Closure of the Closing Cases will not prejudice any party in interest or otherwise negatively affect the administration of the Liquidation Trust, which will take place without interruption through the Remaining Case. Furthermore, the entry of the Final Decree closing the Closing Cases is without prejudice to party in interests' rights to petition the Court to reopen a Closing Case pursuant to section 350(b) of the Bankruptcy Code. *See* Bankruptcy Rule 5010. Further, the

Court shall retain jurisdiction over any issues relating to the Closing Cases given that the Remaining Case will not be closed, and the Remaining Case will provide an avenue to resolving any issues that relate to a Closing Case. Therefore, no party in interest will be prejudiced if the Closing Cases are closed.

21. Section 1930 Fees that are due and owing in these Chapter 11 Cases have been paid or will be paid in the ordinary course. Any further Section 1930 Fees that may arise in these Chapter 11 Cases (including in the Closing Cases) will be paid as and when such fees come due.

22. The UST has agreed with the Liquidating Trustee that to avoid duplication of UST fees on disbursements, the Liquidating Trust Assets ($5,012,765.00) transferred to the Liquidating Trust will not be treated as a disbursement. Rather, the UST fee will generate when the Liquidating Trustee makes a disbursement pursuant to the administration of claims or payment of all proceeds realized.

23. All distributions made by the Liquidating Trustee in the Remaining Case, including those originally asserted in the Closing Cases, pursuant to administering the Claims distribution process and prosecuting objections to Claims vested in the Liquidation Trust shall be subject to quarterly fees pursuant to 28 U.S.C. section 1930(a)(6).

24. In addition, closing the Closing Cases will relieve the Court, the Office of the United States Trustee, and the Liquidation Trustee from each of their administrative burdens with respect to the Closing Cases, including the Liquidation Trustee's obligation to prepare and file post-confirmation reports in the Closing Cases and to pay Section 1930 Fees for the Closing Cases. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case and will not be paid ad infinitum"). The Liquidation Trustee estimates that if the Closing Cases remain open the Liquidation Trust will incur substantial additional Section 1930 Fees. Closing the Closing Cases

8

will save the Liquidation Trust a substantial expense that it would otherwise continue to incur while the Closing Cases unnecessarily remain open—a fact that further supports the relief requested in this Motion. The ongoing administrative and financial burden in the Closing Cases provides little corresponding benefit to any party in these Chapter 11 Cases, including the stakeholders of the Closing Cases' estates.

25. The United States Trustee does not object to the relief sought herein.

26. For the foregoing reasons, the Liquidation Trustee requests that the Court enter the Final Decree closing the Closing Cases.

## RESERVATION OF RIGHTS

27. The Liquidation Trustee reserves the right to reopen the Closing Cases.

## NOTICE

28. The Liquidation Trustee will serve copies of this Motion, with exhibits, on: (i) the Office of the United States Trustee for the Southern District of Iowa; (ii) all persons and entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (iii) all persons and entities holding a Remaining Claim originally asserted in a Closing Case. The Liquidation Trustee submits that notice of this Motion in this manner is sufficient and proper and that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Liquidation Trustee respectfully requests that the Court enter the Final Decree with respect to the Closing Cases and grant such other and further relief as the Court deems appropriate.

Date:  July 11, 2023

CUTLER LAW FIRM, P.C.

*/s/ Robert C. Gainer*
Robert C. Gainer IS9998471
1307 50th Street
West Des Moines, IA 50266
Tel: 515-223-6600
Fax: 515-223-6787
E-mail: rgainer@cutlerfirm.com

- and –

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/ Francis J. Lawall*
Francis J. Lawall (admitted *pro hac vice* )
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103-2799
Tel: (215) 981-4481
Fax: (215) 689-4693
E-mail: francis.lawall@troutman.com

- and –

Deborah Kovsky-Apap (admitted *pro hac vice*)
Suite 1800
4000 Town Center
Southfield, MI 48075
Tel: (248) 359-7300
Fax: (248) 359-7700
E-mail: deborah.kovsky@troutman.com

Co-Counsel for the Liquidation Trustee

CERTIFICATE OF SERVICE

    I hereby certify that on July 11, 2023, the foregoing instrument was filed electronically with the Clerk of Court using the CM/ECF system which sent notification of such filing to all registered users party to this proceeding, including the United States Trustee.

                                                          */s/ Stephanie Newton*

# EXHIBIT A

**Proposed Final Decree**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: | Case No. 21-01643 |
| **QHC FACILITIES, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01644 |
| **QHC MANAGEMENT, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01645 |
| **QHC MITCHELLVILLE, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01646 |
| **QHC WINTERSET NORTH, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01647 |
| **QHC MADISON SQUARE, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01648 |
| **QHC FORT DODGE VILLA, LLC,** | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |

| | |
|---|---|
| In re: | Case No. 21-01649 |
| **CRESTRIDGE, INC.,** | Chapter 11 |
|     Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01650 |
| **CRESTVIEW ACRES, INC,** | Chapter 11 |
|     Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01651 |
| **QHC HUMBOLDT NORTH, LLC,** | Chapter 11 |
|     Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01652 |
| **QHC HUMBOLDT SOUTH, LLC,** | Chapter 11 |
|     Liquidating Debtor. | Hon. Anita L. Shodeen |
| In re: | Case No. 21-01653 |
| **QHC VILLA COTTAGES, LLC,** | Chapter 11 |
|     Liquidating Debtor. | Hon. Anita L. Shodeen |
| | **FINAL DECREE (A) CLOSING CERTAIN OF THE CHAPTER 11 CASES; (B) AUTHORIZING ADMINISTRATION IN THE REMAINING CASE OF CLAIMS ASSERTED AGAINST THE DEBTORS; (C) AMENDING THE CAPTION OF THE REMAINING CASE; AND (D) GRANTING RELATED RELIEF** |

2

This matter came before the Court on the Motion of Ronald Winters, solely in his capacity as Liquidation Trustee (the "Liquidation Trustee") of the QHC Liquidation Trust (the "Liquidation Trust") for entry of an Order, pursuant to section 350(a) of the Bankruptcy Code, for entry of an order (this "Final Decree"): (i) closing the Closing Cases and leaving the Remaining Case open for the purpose of resolving all Remaining Claims and any other contested matters; (ii) authorizing the Liquidation Trustee to administer all Claims in the Remaining Case, including those originally asserted in the Closing Cases; (iii) amending the caption of the Remaining Case; and (iv) granting related relief (the "Motion"). Capitalized terms not defined in this Order shall have their meanings as set forth in the Motion. Appearances were as noted on the record.

This Court has found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and has authority to enter a final order consistent with Article III of the United States Constitution; that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that the notice of the Motion was appropriate under the circumstances and no other notice need be provided. Having reviewed the Motion and all documents filed in support of or opposition thereto, and having heard the statements of counsel at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is hereby:

**ORDERED as follows:**

1. The Motion is granted as set forth herein.

3

2. The Closing Cases, as identified in subparagraphs (a)-(j) below, are hereby closed, *provided that* this Court shall retain jurisdiction over such Closing Cases, as set forth in Article 13 of the Plan:

    a. *In re QHC Management, LLC* (Case No. 21-01644-als11);

    b. *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11);

    c. *In re QHC Winterset North, LLC* (Case No. 21-01646-als11);

    d. *In re QHC Madison Square, LLC* (Case No. 21-01647-als11);

    e. *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11);

    f. *In re Crestridge, Inc.* (Case No. 21-01649-als11);

    g. *In re Crestview Acres, Inc.* (Case No. 21-01650-als11);

    h. *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11);

    i. *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11); and

    j. *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

3. The Chapter 11 Case, *In re QHC Facilities, LLC*, Case No. 21-01643-als11 (the "Remaining Case"), shall remain open pending further order of the Court, and, from and after the date of entry of this Final Decree, all motions, contested matters, adversary proceedings, notices and other pleadings relating to any of the Debtors shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases.

4. Claims asserted against the Debtors in the Closing Cases shall hereby remain unaffected by entry of this Final Decree, other than that all such Claims shall be administered in the Remaining Case, without prejudice to the rights of any stakeholder regarding Claims asserted against the Debtor in the Closing Case.

4

5. The Clerk of the Court shall enter this Final Decree individually on each of the dockets of the Chapter 11 Cases and the docket of the Closing Cases shall be marked as "Closed."

6. An entry shall be made on the docket of each of the Closing Cases that is substantially similar to the following:

> An order has been entered closing the chapter 11 case, *In re [relevant debtor name]*, Case No. 21-[case number]-als11. All further pleadings and other papers shall be filed, and all further docket entries shall be made, in the chapter 11 case, *In re QHC Facilities LLC*, Case No. 21-01643-als11.

7. The Remaining Case shall use the following caption going forward:

| | |
|---|---|
| In re: | Case No. 21-01643 |
| **QHC FACILITIES LLC,**[FN] | Chapter 11 |
| Liquidating Debtor. | Hon. Anita L. Shodeen |

[FN] On [_____], 2023, the Court entered an order (Docket No. ___) closing the chapter 11 cases of the formerly administered debtors: *In re QHC Management, LLC* (Case No. 21-01644-als11) *In re QHC Mitchellville, LLC* (Case No. 21-01645-als11), *In re QHC Winterset North, LLC* (Case No. 21-01646-als11), *In re QHC Madison Square, LLC* (Case No. 21-01647-als11), *In re QHC Fort Dodge Villa, LLC* (Case No. 21-01648-als11), *In re Crestridge, Inc.* (Case No. 21-01649-als11), *In re Crestview Acres, Inc.* (Case No. 21-01650-als11), *In re QHC Humboldt North, LLC* (Case No. 21-01651-als11), *In re QHC Humboldt South, LLC* (Case No. 21-01652-als11) and *In re QHC Villa Cottages, LLC* (Case No. 21-01653-als11).

8. The Liquidation Trustee shall file and serve on the U.S. Trustee any remaining quarterly reports and pay any quarterly fees due and owing pursuant to 28 U.S.C. § 1930(a)(6) in the Closing Cases within thirty (30) days of the entry of this Final Decree. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen a Closing Case to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

9. From and after the date of entry of this Final Decree, any payments made pursuant to the Plan on account of Claims arising prior to the Effective Date shall be reflected in the

Remaining Case's post-confirmation quarterly reports regardless of which Debtor such Claims are asserted against.

10. To avoid duplication of UST fees on disbursements, the Liquidating Trust Assets ($5,012,765.00) transferred to the Liquidating Trust will not be treated as a disbursement. Rather, the UST fee will generate when the Liquidating Trustee makes a disbursement pursuant to the administration of claims or payment of all proceeds realized.

11. All distributions made by the Liquidating Trustee in the Remaining Cases, including those originally asserted in the Closing Cases, pursuant to administering the Claims distribution process and prosecuting objections to Claims vested in the Liquidation Trust shall be subject to quarterly fees pursuant to 28 U.S.C. section 1930(a)(6).

12. Entry of this Final Decree is without prejudice to: (a) the rights of the Liquidation Trustee or any party in interest to seek to reopen a Closing Case for cause pursuant to section 350(b) of the Bankruptcy Code; and (b) the rights of the Liquidation Trustee to dispute, before the Court or in an appropriate non-bankruptcy forum, all Claims that were filed against the Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of the Liquidation Trustee to file an objection to any Claim in a Closing Case prior to entry of this Final Decree shall not constitute allowance of the Claim and shall not result in such Claim being deemed Allowed (as defined in the Plan) against any Debtor.

13. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any Claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the rights of the Liquidation Trustee or any

other parties in interest to dispute any Claim on any grounds; (c) a promise or requirement to pay any prepetition Claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Liquidation Trustee or any other parties in interest under the Bankruptcy Code or any other applicable law.

14. The Liquidation Trustee is authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.